RECEIVED
JUL 19 2023
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-153 (SRN/TNL)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMARCUS CORTEZ GARNER,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Demarcus Cortez Garner (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). The Defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the Government agrees to move to dismiss Count Two of the Indictment.

SCANNED
JUL 1 9 2023
U.S. DISTRICT COURT ST. PAUL

2. **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about February 9, 2023, in the State and District of Minnesota, the Defendant knowingly possessed a firearm: a Glock, model 43X, 9mm semi-automatic pistol, bearing serial number BUEH949. Specifically, on or about February 9, 2023, law enforcement approached a vehicle in downtown Minneapolis. The Defendant stood nearby the vehicle. As law enforcement approached, the Defendant dropped a Glock pistol to the ground. The pistol had an inserted large-capacity magazine that contained 17 rounds of ammunition.

At the time he possessed the firearm on February 9, 2023, the Defendant had been previously convicted of the following crimes, each of which were punishable by imprisonment for a term exceeding one year:

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Theft | Anoka County, MN | September 21, 2017 |
| Drugs – 5th Degree Possession | Hennepin County, MN | November 4, 2019 |
| Theft | Hennepin County, MN | November 4, 2019 |
| Simple Robbery | Hennepin County, MN | March 25, 2020 |

2

| Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Domestic Assault | Anoka County, MN | January 3, 2023 |

Prior to February 9, 2023, the Defendant knew that he had been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year. The Defendant admits that his possession of the firearm was in or affecting interstate commerce because the Glock pistol he possessed was manufactured outside the State of Minnesota, and thus necessarily crossed state lines prior to his possessing it on or about February 9, 2023.

The Defendant stipulates that he acted voluntarily and he knew his actions violated the law.

3.   **Waiver of Pretrial Motions**. The Defendant understands and agrees that the Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The Defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.   **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to go to trial. At trial, the Defendant would

3

be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

5. **Additional Consequences.** The Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The Defendant understands that Count One of the Indictment (Felon in Possession of a Firearm, 18 U.S.C. § 922(g)) is a felony offense that carries the following statutory penalties:

      a.    a maximum sentence of 15 years' imprisonment;

      b.    a supervised release term of not more than three years;

      c.    a fine of up to $250,000;

      d.    assessment to the Defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

      e.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

      f.    the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States

5

Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level for the violation noted in Count One of the Indictment and any relevant conduct is **26**. U.S.S.G. § 2K2.1(a)(1).

    b.    <u>Specific Offense Characteristics</u>. The United States believes that, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), a **4-level** increase applies because the Defendant used or possessed the firearm in connection with another felony offense, including receipt of stolen property (a vehicle). The Defendant believes this specific offense characteristic does not apply. The parties will present their respective positions to the Court at sentencing. The parties agree that no other specific offense characteristics apply.

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The Government agrees to recommend that the Defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the Government of his intention to enter a plea of guilty, the Government agrees to recommend that the Defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e. Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into **Criminal History Category VI**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f. Guidelines Range. If the **adjusted offense level is 27** and the **criminal history category is VI**, the advisory sentencing guidelines range is **130 - 162 months** in prison. U.S.S.G. § 5G1.1(c). If the **adjusted offense level is 23** and the **criminal history category is VI**, the advisory sentencing guidelines range is **92 - 115 months** in prison. U.S.S.G. § 5G1.1(c).

g. Fine Range. The Sentencing Guidelines fine range is **$20,000-$250,000**. U.S.S.G. § 5E1.2(c)(3).

h. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least one year up to a maximum supervised release term of three years. U.S.S.G. § 5D1.2(a)(2).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make

its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures and/or variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The Defendant agrees the $100 special assessment is due at sentencing.

12. **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm

8

and associated accessories and ammunition: the Glock, model 43X, 9mm semi-automatic pistol, bearing serial number BUEH949 that was in the Defendant's possession on February 9, 2023, the ammunition and magazine found therein; and two additional rounds of 9mm ammunition found in the Defendant's possession on February 9, 2023. The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The Defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearm, ammunition, and magazine.

13. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 162 months. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The United States agrees to waive its right to appeal any sentence except the United States may appeal the substantive reasonableness of a term of imprisonment below 92 months.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

14.   **FOIA Requests.**   The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15.   **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Date: 7-18-23

ANDREW M. LUGER
United States Attorney

BY: JOSEPH S. TEIRAB
ESTHER S. MIGNANELLI
Assistant U.S. Attorneys

Date: 7-18-23

DEMARCUS CORTEZ GARNER
Defendant

Date: 7-18-23

JOHN L. FOSSUM
Counsel for Defendant

10