UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-153 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S POSITION** |
| | ) **REGARDING SENTENCING** |
| DEMARCUS CORTEZ GARNER, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Esther Soria Mignanelli, Assistant United States Attorney, submits the following sentencing memorandum, requesting the Court impose a sentence of 108 months imprisonment considering the seriousness of the offense and the significant need for specific deterrence and to protect the public.

**I.   BACKGROUND**

Mr. Garner is a 24-year-old felon who has racked up a significant criminal history score of 19 (even after giving him the benefit of the recent amendment to United States Sentencing Guidelines ("USSG") § 4A1.1). (*See* Final Presentence Investigation Report ("PSR"), ¶ 20.)

On or about February 9, 2023, Mr. Garner was in possession of a black Glock, model 43X, 9mm semi-automatic pistol, while standing next to a stolen vehicle with three other men. (PSR ¶¶ 6–7.) According to a security guard, earlier that night, Mr. Garner had attempted to enter a nightclub in downtown Minneapolis with his firearm

but was turned away. (*Id.* at ¶ 8.) At one point in the night, Mr. Garner was admitted entry to that club after ditching his gun. (*See id.*) Another patron to that club had their keys and vehicle stolen; this would be the stolen vehicle where Mr. Garner was found by officers later in the night. (*See id.* at ¶¶ 6, 8.) Before the victim's vehicle was driven away by Mr. Garner and another man, Mr. Garner can be observed on surveillance footage looking around nervously and activating a fob that made the victim's vehicle lights activate. (*Id.* at ¶ 8.) Further, the security guard witness noticed Mr. Garner did not arrive in a vehicle but departed in a vehicle. (*Id.*)

As a result of Mr. Garner's criminal conduct, he was charged in a two-count indictment with felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)); and felon in possession of ammunition (in violation of 18 U.S.C. § 922(g)). (ECF No. 1.) On July 18, 2023, Mr. Garner pleaded guilty to Count 1 of the Indictment. And the Government will move to dismiss Count 2 at sentencing. (*See* PSR ¶ 1.)

## II.   THE PRESENTENCE INVESTIGATION REPORT

The government agrees with the PSR's Guidelines calculations. The base offense level is 26 pursuant to USSG § 2K2.1. (PSR, ¶ 15.) Pursuant to USSG § 2K2.1(b)(6)(B), the offense level is increased by 4, because Mr. Garner used or possessed the firearm in connection with another felony offense, including receipt of stolen property (a vehicle).[1] (*Id.* at ¶ 16.) With a 3-level reduction for acceptance of responsibility, the offense level is 27. (*Id.* at ¶ 24.)

---

[1] According to Minnesota Statute 609.53 "any person who receives, possesses, transfers, buys or conceals any stolen property or property obtained by robbery, knowing or having reason to know the property was stolen or obtained by robbery, may be sentenced" as having committed the theft, as otherwise set forth in Minnesota Statute 609.52.

In criminal history category VI, the guideline range for Count 1 is 130 to 162 months' imprisonment. (PSR ¶ 79.)

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

The government believes a sentence of 108 months in prison is appropriate in this case based on the Section 3553(a) factors.

As the Court is aware, Minneapolis and St. Paul have been beset with gun violence in recent years. While Mr. Garner was not charged in connection with a shooting here, his criminal conduct contributed to the firearm-related problems plaguing the Twin Cities. The facts and circumstances of Mr. Garner's offense are especially concerning given the closeness in time between his possession of a firearm and the theft of the victim's vehicle, along with the fact that Mr. Garner's firearm was equipped with a large-capacity magazine.

While Mr. Garner's criminal history score is remarkably high for his young age, the United States agrees with counsel for Mr. Garner that his score is likely overstated. Nevertheless, Mr. Garner's most recent convictions demonstrate an escalation in criminal conduct (including his domestic assault which involved the throwing of his victim to the ground to punch them repeatedly in the face). This case therefore presents a need for specific deterrence; Mr. Garner did not demonstrate a willingness to change course despite the numerous warnings he has received in the form of ten prior sentences (*see* PSR ¶¶ 27–37), but instead, appears to have been emboldened by them. This case also presents a need for general deterrence; individuals attempting to unlawfully carry firearms into crowded nightclubs and

individuals who commit violence within the home should know that their firearm-related offenses will not be taken lightly within this District.

Mr. Garner is young and this crime was part of a pattern of prior criminal conduct that preceded this federal charge. While this pattern need not be determinative of his future, Mr. Garner's decision to continue to violate the law and risk or endanger the safety of others in the community should not be condoned. While the Government believes a 130-month sentence is greater than necessary, there is still a need for a significant sentence in this case; and a 108-month sentence is just that.

## IV.  REQUEST FOR THREE YEARS' SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of not more than three years of supervised release. The Guidelines provide for a term of supervised release of one to three years for Count 1.  (PSR ¶ 83.)

A three-year term of supervised release provides a significant period during which Mr. Garner will be supervised as he reintegrates into society, particularly in light of his prior track record of struggling to comply with conditions while under court supervision. The government agrees with the Probation Office's recommendations for the conditions of supervised release to be imposed in this matter, as the facts underlying the offense and detailed in the PSR support the imposition of those conditions. *See* PSR, at ¶¶ 100-106.

## V. CONCLUSION

For the reasons set forth above, the Government recommends that the Court impose a sentence of 108 months in prison.

Respectfully Submitted,

Dated: November 22, 2023

ANDREW M. LUGER
United States Attorney

BY: /s/ *Esther Soria Mignanelli*
ESTHER SORIA MIGNANELLI
Assistant U.S. Attorney